(49 Misc. Rep. 104)

### STICH v. BERMAN et al.

(Supreme Court, Appellate Term. December 21, 1905.)

BANKRUPTCY—SET-OFF AND COUNTERCLAIM—ASSIGNED CLAIMS—EFFECT.

Bankr. Act July 1, 1898, c. 541, § 68, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450], providing that a set-off or counterclaim shall not be allowed in favor of any debtor of a bankrupt on a claim transferred to him within four months before the filing of a petition in bankruptcy, with a view to such use and with knowledge that the bankrupt was insolvent, does not affect the right of the assignee of a claim against one who thereafter commenced proceedings in bankruptcy to set off such claim against an assignee of a claim held by the party contemplating bankruptcy.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Charles Stich against Max Berman and another. From a judgment in favor of the defendants, plaintiff appeals. Affirmed.

Argued before SCOTT, P. J., and BISCHOFF and MacLEAN, JJ.

Morris Cukor, for appellant.

Morris Meyers, for respondents.

SCOTT, P. J. The plaintiff sues, as assignee of one Hannah Kohen, for goods sold and delivered. Defendant admits the indebtedness, but counterclaims for an equal amount due from Kohen to one Levenson, and by him assigned to defendant before Kohen's assignment of her claim to plaintiff. Kohen was in failing circumstances when both assignments were made, and two days after her assignment to plaintiff

a petition in bankruptcy was filed against her. It is clear that both the assignment of Kohen to plaintiff and of Levenson to the defendants were made, on the part of the bankrupt, the defendants, and Levenson, with knowledge of Kohen's insolvency, and in contemplation of her bankruptcy. Plaintiff now insists that under the provisions of the federal bankruptcy act the defendant cannot maintain the counterclaim.

Section 68 of that act (Act July 1, 1898, c. 541, 30 Stat. 565 [U. S. Comp. St. 1901, p. 3450]) provides that:

"In all cases of mutual debts or mutual credits between the estate of a bankrupt and a creditor, the account shall be stated and one debt shall be set off against the other, and the balance only shall be allowed or paid. A set-off or counterclaim shall not be allowed in favor of any debtor of the bankrupt which * * * (2) was purchased by or transferred to him after filing of the petition or within four months before such filing, with a view to such use and with knowledge or notice that such bankrupt was insolvent, or had committed an act of bankruptcy."

It is abundantly clear that the assignment by Levenson to the defendants fell within the terms of the exception, and that if this were an action prosecuted by the trustee in bankruptcy, the counterclaim could not prevail. The only question is whether the plaintiff may interpose the statute as a bar to the counterclaim against him. The purpose of the section quoted from the bankruptcy act was to prevent such preference to creditors as would tend to diminish the bankrupt's estate and thereby secure to one creditor a greater proportionate payment of his debt than would be secured by other creditors of the same class. Such would undoubtedly be the result if the claim against the defendants had remained the property of Mrs. Kohen until her bankruptcy, and had then passed to the trustee, for in that case the claim would have become a part of the estate. That result, however, does not flow from permitting the counterclaim to prevail against this plaintiff. The assignment to plaintiff was made within four months before Mrs. Kohen's bankruptcy, and undoubtedly she knew when she assigned that she was insolvent and liable to be thrown into bankruptcy. But there is no evidence that the plaintiff knew it, or that the assignment was not accepted by him "in good faith and for a present fair consideration." We are not called upon to infer or presume that the assignment to plaintiff was made fraudulently, or that the trustee in bankruptcy could avoid it under the provisions of section 67 of the bankruptcy act (30 Stat. 564 [U. S. Comp. St. 1901, p. 3449]). Not being permitted to assume that the assignment to plaintiff was fraudulent and void, we must assume that it was valid, and that at the time of the assignor's bankruptcy it constituted no part of her estate. To permit the counterclaim to prevail, therefore, as was done by the judgment appealed from, would not tend to diminish that estate, and would not be contrary to the purpose sought to be attained by the second exception to section 68 of the bankruptcy act.

Judgment affirmed, with costs. All concur.